UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| ASHLEY FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:19-cv-00050-GFVT-CJS |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| FRANKLIN COUNTY, KENTUCKY, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Ashley Franklin's Motion for Reconsideration of the Court's Summary Judgment Opinion. [R. 87.] When transporting her to Franklin County Regional Jail, former jail sergeant Brandon Price sexually assaulted then-inmate Ashley Franklin. [R. 1 at 8-9.] Ms. Franklin brought a negligence claim against jail staff Rick Rogers and Wes Culbertson, arguing that their actions caused her assault. *Id.* at 9. The Court granted Mr. Rogers and Captain Culbertson summary judgment on the negligence claim. [R. 84.] Ms. Franklin now asks the Court to reconsider this determination. [R. 87.] For the following reasons, Ms. Franklin's motion for reconsideration is **DENIED**.

I

In January 2019, Ms. Franklin was an inmate at Franklin County Regional Jail. [R. 57-2 at 7.] One evening, Ms. Franklin became lightheaded and dizzy from issues with her blood pressure. [R. 53-1 at 27.] Brandon Price, then a jail sergeant, confirmed that Ms. Franklin had elevated blood pressure. [R. 57-2 at 10.] Mr. Price then drove Ms. Franklin to the emergency room for treatment in a van. [R. 64-1 at 5.]

After the hospital discharged Ms. Franklin, Mr. Price escorted Ms. Franklin to the van and placed her in the back. *Id.* At that time, Mr. Culbertson, a Captain at the jail, approached Mr. Price in the parking lot of the hospital. [R. 64-1 at 8-9.] Mr. Price and Captain Culbertson had a brief conversation, and then Captain Culbertson left. *Id.* at 10. Mr. Price then left the hospital with Ms. Franklin in the back. At some point on the way back to the jail, Mr. Price pulled into a parking lot, stopped the van, and assaulted Ms. Franklin. [R. 53-2 at 66, 124-25.]

The next day, Ms. Franklin's cellmate told jail staff that Ms. Franklin had sexual contact with Mr. Price. [R. 54-2 at 1.] Mr. Price admitted to the sexual contact after two interviews, and the jail terminated his employment. [R. 54-12.] Mr. Rogers, the Franklin County jailer at the time, reported the incident to Frankfort police and requested that a detective take over the investigation. [R. 65-2 at 52-53.] Mr. Price was later convicted of sexual abuse. [R. 54-7.]

Ms. Franklin brought this action against Mr. Rogers, Mr. Price, Captain Culbertson, and Franklin County. [R. 1.] She alleges that Mr. Rogers and Captain Culbertson negligently caused her sexual assault by not enforcing the Prison Rape Elimination Act and Jail transportation requirements. *Id.* at 9. She alleges that the Jail failed to comply with PREA requirements mandating that the Jail: have a written policy outlining the agency's approach to preventing, detecting, and responding to sexual abuse; develop a staffing plan to protect inmates from sexual abuse; prohibit cross-gender pat-down searches of women; and train Jail staff on sexual abuse prevention and detection strategies. [*See* R. 87 at 4.] Ms. Franklin also alleges that the Jail failed to enforce Jail policies requiring that officers: inform the Jail of the vehicle's mileage before leaving the jail, arriving at the destination, and returning to the Jail; give the shift supervisor a status report every hour; and notify the shift supervisor when the inmate is released from the hospital. *Id.* at 5.

2

The Court granted summary judgment to Captain Culbertson and Mr. Rogers on Ms. Franklin's negligence claims. [R. 84 at 18-21.] Ms. Franklin now asks the Court to revisit these findings. [R. 87.] However, she does not show that the Court clearly erred by granting Captain Culbertson and Mr. Rogers summary judgment.

## II

A federal district court has the authority to reconsider interlocutory orders under both the common law and Federal Rule of Civil Procedure 54(b). *Rodriguez v. Tenn. Laborer's Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004). Traditionally, courts only reconsider interlocutory orders "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* A motion to reconsider an interlocutory order is not an invitation for the parties to relitigate the issue. *See Hazard Coal Corp. v. Am. Res. Corp.*, Civil No. 6:20-cv-00010-CHB, 2022 U.S. Dist. LEXIS 238150, at *15 (E.D. Ky. Sep. 9, 2022). These motions do not permit parties to raise arguments or to present evidence that was available to them at the time of summary judgment. *Energy Ala. v. TVA*, No. 2:20-cv-02615, 2022 U.S. Dist. LEXIS 184826, at *4 (W.D. Tenn. July 14, 2022).

Ms. Franklin argued that her negligence claim was based on Franklin County Jail failing to comply with PREA standards, the Jail failing to comply with PREA training requirements, and the Jail failing to enforce transportation policies. [R. 66 at 4-7.] Later, Ms. Franklin contended that Mr. Rogers and Captain Culbertson "failed to enforce Jail and PREA rules." *Id.* at 29. The Court granted summary judgment to the Defendants, in part, because Ms. Franklin did not explain how Mr. Rogers and Captain Culbertson individually violated these rules or how their individual actions caused Ms. Franklin harm. [R. 84 at 20-21.] In her motion for

3

reconsideration, Ms. Franklin clarifies that her negligence claim is based on Mr. Rogers and Captain Culbertson allegedly failing to train and supervise Jail staff regarding Jail and PREA rules. [R. 87 at 6 ("Franklin concluded that Rogers and Culbertson failed to enforce Jail and PREA rules through training and supervision" because "Price did not call out his mileage," nobody "at the Jail called Price," and "Culbertson knew Price had not complied with the mileage policy").]

Generally, an actor whose own conduct has not created a risk of harm has no duty to control the conduct of a third person to prevent him from causing harm to another. *See Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 849 (Ky. 2005). However, a duty to exercise reasonable care to prevent harm by controlling a third party's conduct arises where (1) a special relationship exists between the actor and a third person that imposes a duty on the actor to control the third person's conduct or (2) a special relation exists between the actor and the other which gives to the other a right to protection. *Id.* at 849-50. Because both types of special relationship exist here, the Court will analyze the negligence claim under each.

A

To the extent that Ms. Franklin bases her claim on the special relationship between the Defendants and Mr. Price, her claim fails. The master-servant relationship is a special relationship that creates a duty to control a third party's actions. *Id.* at 850. One category of claims based on this special relationship is based on the employer's "negligent failure to control." *Id.* Negligent failure to control includes negligent training or supervision claims. *Id.*

To prove a claim for negligent training or supervision, a plaintiff must show that (1) the defendant knew or had reason to know of the employee's harmful propensities, (2) the employee injured the plaintiff, and (3) the defendant's training or supervision of the employee proximately

4

caused the plaintiff's harm.[1]  *Id.* at 849 (citing 27 Am. Jur. 2d Employment Relationship § 401 (2004)); *accord Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003) ("[A]n employer may be held liable for negligent supervision only if he or she knew or had reason to know of the risk that the employment created.").

Courts properly dismiss claims for negligent training or supervision when the plaintiff does not provide a reason that the employer should have known of an employee's particular harmful propensities.  *See, e.g.*, *Booker*, 350 F.3d at 517 (affirming a dismissal where the plaintiff "failed to allege that Verizon knew or should have known that the employee who drafted the electronic message would act as he or she did"); *Carberry v. Golden Hawk Transp. Co.*, 402 S.W.3d 556, 564 (Ky. Ct. App. 2013) (affirming the trial court where it found that an employer "had no reason to suspect Ivey would commit an assault while on the job"); *Rufra v. U.S. Bankcorp, Inc.*, No. 3:05-CV-594-H, 2006 U.S. Dist. LEXIS 53215, at *19 (W.D. Ky. July 28, 2006) (dismissing a claim where the complaint "fails to allege that the Bank knew or should have known that law enforcement personnel would intentionally trick and coerce the tellers to misidentify customers suspected of criminal activity").

No facts suggest that Jail staff knew or should have known that Mr. Price posed a risk of assault to inmates.  [R. 84 at 8.]  Mr. Price underwent a background check that showed no criminal record.  [R. 57-8 at 26, 28-30.]  The Jail maintained an explicit zero-tolerance policy for sexual relations between staff and inmates and informs inmates that it is a crime for jail staff to subject an inmate to sexual contact.  [R. 57-4 at 3-4.]  And Ms. Franklin testified that Mr. Price knew he would be fired if Ms. Franklin told anyone about the sexual contact. [R. 57-2 at 17.]

---

[1] Though negligent training is separate from negligent supervision, Kentucky courts use the same standards for the two torts.  *See, e.g.*, *J.B.F. v. Ky. Dep't of Educ.*, No. 5:15-CV-33-REW, 2016 U.S. Dist. LEXIS 72419, at *48 (E.D. Ky. June 3, 2016).

5

Because Ms. Franklin does not provide facts suggesting that Mr. Rogers or Captain Culbertson knew or should have known that Mr. Price might assault an inmate, the Court did not err by granting Mr. Rogers and Captain Culbertson summary judgment on a claim based on their special relationship with Mr. Price. *See Booker*, 350 F.3d at 517.

**B**

To the extent that Ms. Franklin bases her claim on the special relationship between herself and the Defendants, her claim fails. [R. 66 at 29.] To state a claim for negligence, a plaintiff must show (1) that the defendant owed the plaintiff a duty, (2) a breach of that duty, (3) harm suffered by the plaintiff, and (4) a causal connection between the breach of the duty and the harm suffered by the plaintiff. *Lewis v. B&R Corp.*, 56 S.W.3d 432, 437 (Ky. Ct. App. 2001). The causal connection is composed of two elements: cause-in-fact and proximate cause. *See id.* Ms. Franklin does not show that the Court erred in granting summary judgment to Mr. Rogers and Captain Culbertson because she fails to show that they proximately caused her assault. And even if she could make such a showing, she also does not demonstrate that Mr. Rogers and Captain Culbertson were the cause-in-fact of her assault.

**1**

An act is the proximate cause of an injury if the injury was "the natural and probable consequence of the act of negligence; that is, such a consequence as under the surrounding circumstances of the case might and ought to be foreseen by the wrongdoer as likely to flow from his act."[2] *Spivey v. Sheeler*, 514 S.W.2d 667, 672 (Ky. 1974) (internal citation omitted).

---

[2] The scope of duty also includes a foreseeability component involving whether the risk of injury was reasonably foreseeable. *See Lewis*, 56 S.W.3d at 437. "While the cases do not specifically discuss any differences in the foreseeability analysis for purposes of determining duty and causation, the former appears to concern the foreseeability of harm or risk generally, while the latter concerns the foreseeability of the consequences or specific injury in the given case." *Id.* at 437 n.14 (citations omitted); *cf. Lee v. Farmer's Rural Elec. Coop. Corp.*, 245 S.W.3d 209, 212, 218 (Ky. Ct. App. 2007) ("Whether a harm was

Simply, the harm must be a foreseeable risk of the defendant's actions. Foreseeable risks are determined based on what the defendant knew at the time of the alleged negligence. *See Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 90 (Ky. 2003) (quoting Restatement (Second) of Torts § 289(a)).

Here, Ms. Franklin alleges that Mr. Rogers and Captain Culbertson allowed prisoner transports to the hospital without: (1) having a sexual assault prevention policy, (2) developing a staffing plan to prevent sexual abuse, (3) prohibiting cross-gender pat-downs, (4) training Jail staff about sexual abuse prevention strategies, (5) having the transport officer inform the Jail of the vehicle's mileage during stops, (6) having the transport officer call Jail staff every hour, and (7) having the transport officer notify Jail staff when the inmate is released from the hospital. [R. 87 at 5-6.]

Consequently, Ms. Franklin must show that her sexual assault was a foreseeable risk of these acts by Mr. Rogers and Captain Culbertson based on what they knew at the time. *See Pathways, Inc.*, 113 S.W.3d at 90. Ms. Franklin argues that her assault was a foreseeable result of Mr. Rogers and Mr. Culbertson's failure to adopt prevention plans and enforce these rules because "enacting these rules implies the foreseeability of the potential for misconduct." [R. 66 at 30.] Since the rules sought to prevent sexual misconduct, she argues that sexual misconduct is necessarily a foreseeable result of failing to enforce them. *Id.*

The Sixth Circuit rejected this reasoning in *Flechsig v. United States*. 991 F.2d 300 (6th Cir. 1993). In *Flechsig*, a corrections officer transported the plaintiff to her doctor's appointment from the federal prison where she was confined. *Id.* at 302. On the way to the doctor's appointment, the officer detoured to his residence and sexually assaulted the plaintiff. *Id.* The

---

foreseeable *in the context of determining duty* depends on the general foreseeability of such harm, not whether the specific mechanism of the harm could be foreseen.") (emphasis added).

7

plaintiff then brought a negligence claim against the Bureau of Prisons because it violated its own internal operating procedure that required at least one same-sex escort for a prisoner leaving prison grounds for medical care. *Id.* at 304. The Sixth Circuit affirmed the district court's grant of summary judgment and finding that the plaintiff's assault was not foreseeable. *Id.* The Sixth Circuit reasoned that without any reason to believe that the officer had a predisposition for violence or otherwise pose a danger to an inmate in his custody, the "mere fact that a male prison guard escorted a female prisoner alone is not sufficient to make the alleged events ones which a reasonable person should have foreseen." *Id.* Indeed, to "hold otherwise would be to create a disincentive for the Bureau to have written procedures." *Id.*

Like in *Flechsig*, Ms. Franklin does not allege that Mr. Rogers or Captain Culbertson had reason to know that Mr. Price had a predisposition for violence or was otherwise a danger to inmates in his custody. Mr. Price had no criminal record or disciplinary history that would indicate a propensity to assault an inmate. [*See* R. 57 at 9.] Therefore, the mere fact that Mr. Price escorted Ms. Franklin alone—although without the additional safeguards that the transportation policy and PREA standards would have provided—does not make her sexual assault foreseeable. *See Flechsig*, 991 F.2d at 304.

In sum, Ms. Franklin does not allege facts suggesting that the Defendants' actions affirmatively caused her sexual assault. Nor does she allege that the Defendants should have prevented a particular risk that Mr. Price posed to inmates. Rather, she alleges that Mr. Rogers and Mr. Culbertson were negligent by failing to take affirmative, prophylactic measures to reduce the general risk of sexual assault by prison staff. [*See* R. 66 at 28-30.] Without more, this does not make Ms. Franklin's assault reasonably foreseeable. *See Flechsig*, 991 F.2d at 304; *L.C. v. United States*, No. 5:21-cv-00124-GFVT, 2022 U.S. Dist. LEXIS 72348, at *23 (E.D. Ky.

Apr. 19, 2022) (holding that an inmate's assault was not foreseeable where no evidence showed the prison should have known the officer was assaulting the inmate); *accord Brown v. Brown*, 739 N.W.2d 313, 315 (Mich. 2007) (rejecting the plaintiff's theory that "defendant was negligent in failing to take reasonable steps to prevent the rape" because "an employer can assume that its employees will obey our criminal laws"); *Jones v. Stoneking*, No. 02-4131 (JNE/RLE), 2005 U.S. Dist. LEXIS 3096, at *21 (D. Minn. Feb. 24, 2005) (holding a sexual assault was not foreseeable from the County failing to enforce "policies concerning the transport of females, such as transporting females outside a 100-mile radius and failing to bring a matron along on rides"); *Breland v. Cty. of Centerville*, Civil Action No. 5:07-cv-27, 2008 U.S. Dist. LEXIS 41729, at *25 (M.D. Ga. May 28, 2008) (holding an assault was not foreseeable because the employee knew "the sexual acts he committed against Plaintiff were improper and illegal").

**2**

Ms. Franklin also does not show that any acts by Mr. Rogers or Captain Culbertson were the legal cause of her harm. An actor's negligent conduct is a legal cause of harm to another if the conduct "is a substantial factor in bringing about the harm." *Gonzalez v. Johnson*, 581 S.W.3d 529, 534 (Ky. 2019) (citing *Deutsch v. Shein*, 597 S.W.2d 141 (Ky. 1980)); *see also* Restatement (Second) of Torts, § 431(a). Therefore, Ms. Franklin must show that Mr. Rogers and Captain Culbertson's actions were substantial factors in bringing about her sexual assault. *See id*. Ms. Franklin "does not claim that [the Defendants'] failure to enforce these rules was the only cause of her injuries." [R. 66 at 30.] Instead, she argues that they substantially contributed to her sexual assault because "a reasonable jury could conclude that strict enforcement would have prevented Price's conduct." *Id.*; [*see also* R. 87 at 6-7.]

9

Kentucky has adopted the Restatement's views on legal causation. *See Pathways*, 113 S.W.3d at 92. Generally, an "actor's negligent conduct is not a substantial factor in bringing about harm to another if the harm would have been sustained even if the actor had not been negligent." Restatement (Second) of Torts, § 432(1). Applied to failure-to-protect cases, a failure to take required precautions is not a substantial factor in bringing about harm if the same harm would have been sustained even if the actor had taken the precautions. *Id.* at § 432(1), cmt. b. A mere possibility of causation, based on speculation or conjecture, is not enough. *See, e.g., Estate of Powers v. Murphy*, Nos. 2012-CA-001691-MR, 2012-CA-001743-MR, 2013 Ky. App. Unpub. LEXIS 874, at *10 (Ky. Ct. App. Nov. 1, 2013).

Moreover, a plaintiff must show more than merely that the harm would not have occurred had the actor not been negligent. *Pathways*, 113 S.W.3d at 92 (citing Restatement (Second) of Torts, § 431)). The negligence must also have played a substantial role in causing the harm. *Id.* Substantial means that the conduct had "such an effect in producing the harm as to lead reasonable men to regard it as a cause." *Id.* Substantial cause does not include "every one of the great number of events without which any happening would not have occurred." *Id.*

Ms. Franklin fails to show that any conduct by Mr. Rogers or Captain Culbertson substantially caused Mr. Price to assault her. As explained, Mr. Price knew that it was a crime to have sexual relations with inmates and that he would be fired if the Jail found out. [R. 57-4 at 3-4; R. 57-2 at 17.] Ms. Franklin does not allege that additional training would have convinced Mr. Price to not violate the law and Jail policy. Moreover, Ms. Franklin does not allege that the assault was a continuation of inappropriate conduct that other jail staff could have detected. Indeed, Mr. Price's background check showed no criminal record. [R. 57-8 at 26, 28-30.] Ms. Franklin does not argue that sexual assault training to other Jail staff would have successfully

detected and prevented Mr. Price's assault.  Lastly, Ms. Franklin provides no explanation about how requiring Mr. Price to inform the Jail of the vehicle's mileage, providing a status report every hour, or notifying the Jail when Ms. Franklin was released from the hospital would have prevented the assault.  In fact, Captain Culbertson checked on Ms. Franklin in person at the hospital after she was released.  [*See* R. 57 at 3.]

Ms. Franklin cites *Robinson v. Shelby County* for the proposition that "evidence of serial non-enforcement of a rule aimed at preventing sexual misconduct" satisfies causation.  [R. 87 at 7.]  But *Robinson* involved a sexual assault where a jail official violated a rule that male staff could not enter female housing units alone.  2020 U.S. Dist. LEXIS 82513, at *8 (E.D. Ky. May 11, 2020).  As the *Robinson* court pointed out—in the only sentence omitted in Ms. Franklin's block-quote—"it seems 'nearly impossible' that if the rule were followed such that female deputies accompanied male deputies while on the female cell block that the abuse would have occurred." *Id.* at *16.  Consequently, the plaintiff in *Robinson* showed that the assault would not have occurred if the defendants followed the rule.  *Id.*  Here, as explained above, Ms. Franklin fails to demonstrate that Mr. Rogers or Captain Culbertson could have prevented her assault if they enforced the PREA and transportation rules that she cites.

In the end, Ms. Franklin provides only that "strict enforcement would have prevented Price's conduct." [R. 66 at 30; R. 87 at 7.]  This possibility of causation, based on speculation and conjecture, cannot satisfy the cause-in-fact requirement.  *See, e.g.*, *Estate of Powers*, 2013 Ky. App. Unpub. LEXIS 874, at *10.  Accordingly, even if Ms. Franklin could show that Mr. Rogers and Captain Culbertson proximately caused her assault, she does not show that their actions were the legal cause of it.  She therefore fails to establish that the Court erred by granting Mr. Rogers and Captain Culbertson summary judgment on her negligence claim.

## III

Accordingly, and the Court being sufficiently advised, Ms. Franklin's Motion for Reconsideration of the Court's Summary Judgment Opinion [**R. 87**] is hereby **DENIED**.

This the 7th day of July, 2023.

Gregory F. Van Tatenhove
United States District Judge